# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Docket No. 2:16-cr-172-NT |
| DONOVAN MILLER, | ) |
| Defendant. | ) |

## ORDER ON MOTION TO DISMISS

Before me is Defendant's motion to dismiss due to speedy trial violations (ECF No. 45). The Defendant argues that a combination of pre-indictment delay and unduly lengthy post-indictment detention requires dismissal of the Indictment. The Government opposes the motion. Based on my review of the written motion, I will **DENY** the motion for reasons explained herein.

## PROCEDURAL HISTORY

On March 12, 2015, the Defendant pled guilty in the United States District Court for the District of Vermont to an information charging him with conspiracy to distribute heroin in 2013. On August 24, 2015, the Defendant was sentenced to 37 months imprisonment and three years of supervised release. The Defendant was released to a Halfway House in Albany, New York on November 30, 2016. According to the Pretrial Services Report prepared in this case, the Defendant's projected release date from Bureau of Prisons custody was March 19, 2017. Pretrial Services Report 1 (ECF No. 15).

The Indictment in this case was filed on December 14, 2016. The Indictment alleges that on about March 29, 2014, the Defendant knowingly transported an individual in interstate commerce with the intent that she engage in prostitution and aiding and abetting the same in violation of 18 U.S.C. § 2421 and § 2. Indictment (ECF No. 2). The Clerk of Court issued a warrant for the Defendant's arrest on December 15, 2016. Arrest Warrant (ECF No. 7). The date that the Defendant was arrested on the warrant is in dispute. The Defendant contends that he was arrested on December 20, 2016. Def.'s Mot. to Dismiss 4. The Government contends that the Bureau of Prisons merely moved him from his halfway house placement to a secured facility after they learned of the warrant for his arrest on new charges. Obj. to Def.'s Mot. to Dismiss 4. (ECF No. 48). The docket entries from the Northern District of New York, where the Defendant made his initial appearance, reflect that the Rule 5(c)(3) arrest of the Defendant occurred on January 9, 2017. United States District Court for the Northern District of New York Docket Sheet (ECF No. 11-1). Miller waived his right to a preliminary detention hearing in that district, instead requesting that such hearing be held in the prosecuting district. Waiver of Rule 5 and 5.1 Hearings (ECF No. 11-3). The Defendant was ordered transported to the District of Maine. Commitment to Another District (ECF No. 11-4).

The Defendant first appeared in the District of Maine on February 28, 2017. First Appearance (ECF No. 17). The Court continued the detention hearing several times either on the Defendant's motion or a joint motion of the parties. Def.'s Mots. to Continue (ECF Nos. 23, 27 and 33). At the March 20, 2017, detention hearing the

Government withdrew its motion for detention and the Defendant was released on conditions that day. (ECF Nos. 38, 41).

## DISCUSSION

The Defendant argues that a combination of pre-indictment delay and unreasonably long post-indictment detention requires dismissal of the Indictment under Federal Rule of Criminal Procedure 48(b), the Fifth Amendment Due Process Clause, and the Sixth Amendment right to a speedy trial. I will address each argument in turn.

### I. Federal Rule of Criminal Procedure 48(b)

Under Rule 48 of the Federal Rules of Criminal Procedure, courts have supervisory authority to "dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b). The Defendant asks me to exercise my discretion to dismiss the indictment against him pursuant to Rule 48(b) because the indictment is dated December 14, 2016, which is more than 32 months after the date of the alleged criminal conduct. The Court of Appeals for the First Circuit, however, has held that Rule 48 applies only to post-arrest delay. *See, e.g., United States v. McCoy*, 977 F.2d 706, 712 & n. 6 (1st Cir. 1992) ("Rule 48(b) is limited in application to post-arrest delay." (citing *United States v. Marion*, 404 U.S. 307, 319 (1971))).

The Defendant's post-arrest delay – now less than six months with only three months spent in pre-trial detention – does not amount to the type of extreme delay which would warrant relief under Rule 48.

## II. Fifth Amendment Due Process Clause

The Defendant also seeks dismissal of the indictment on the alternative ground that the 32-month pre-indictment delay violated his rights under the Fifth Amendment.[1] *Marion*, 404 U.S. at 324. As the First Circuit has explained,

> [T]he Due Process Clause of the Fifth Amendment has a limited role to play in protecting against oppressive [pre-indictment] delay. The Due Process Clause has only a limited role in this context because the statutes of limitations provide the primary protection against undue pre-indictment delays. To rise to the level of a due process violation despite the applicable statute of limitations not having run, the delay (1) must have caused substantial prejudice to [defendant's] rights to a fair trial and (2) was an intentional device used by the prosecution to gain tactical advantage over the accused.

*United States v. DeCologero*, 530 F.3d 36, 78 (1st Cir. 2008) (internal citations and quotations omitted). The Defendant has the burden to show that the delay is both prejudicial and the result of the Government's bad faith. *United States v. Irizarry-Colon*, 848 F.3d 61, 70 (1st Cir. 2017) (citing *United States v. Bater*, 594 F.3d 51, 53 (1st Cir. 2010)).

" 'Substantial prejudice' means more than inconvenience; it requires a showing of actual prejudice, and even the unavailability of witnesses or evidence might not be sufficient to meet this burden." *DeCologero*, 530 F.3d at 78 (citing *United States v.*

---

[1] Citing a five-year limitations period, the Defendant concedes that the statute of limitations has not run in this case. Mot. to Dismiss 6 (ECF No. 45). Although correct that the statute of limitations has not yet run, there is actually *no* limitations period for the crime charged in this case. *See* 18 U.S.C. § 3299 (indictment may be "instituted at any time without limitation" for a felony under chapter 117).

4

*Muñoz–Franco*, 487 F.3d 25, 59 (1st Cir. 2007)). "[A] defendant must do more than allege that witnesses' memories had faded or that evidence had been lost that might have been helpful to him." *Muñoz–Franco*, 487 F.3d at 58. Here, the Defendant states that the charge involves a bus ride from Maine to New York and on that bus ride he "sat with another person who [he] has lost track of who could potentially testify regarding the intent and purpose of the bus trip." Mot. to Dismiss 7. The Defendant does not assert that he ever knew his fellow passenger's name, so it is difficult to see how the Defendant would have tracked him or her down even a day after the bus trip. As the Government points out, the Defendant has not asserted whether he has made any attempts to locate the witness and he has not proffered what exculpatory evidence might be possessed by this mysterious stranger. From the Defendant's scant representation, I cannot find that the Defendant was actually prejudiced.[2]

With respect to intentional delay for tactical reasons, the Court of Appeals for the First Circuit has indicated that such delay violates the Due Process Clause when it is the product of "'bad faith' reasons." *United States v. Crooks*, 766 F.2d 7, 11 (1st Cir. 1985). "For instance, pre-indictment delay for the purpose of investigation, for the purpose of discovering all the participants in a conspiracy so they could be tried together, and for the purpose of letting state authorities pursue their own prosecution, is permissible. Delay in order to deprive the defendant of witnesses, or

---

[2] I note that claims of prejudice can be difficult to assess in the pre-trial context. *See Marion*, 404 U.S. at 326 ("Events of trial may demonstrate actual prejudice, but [the pre-trial] due process claims are speculative and premature."); *DeCologero*, 530 F.3d at 78 (considering claims of prejudice in the context of trial evidence); *Muñoz–Franco*, 487 F.3d at 59 (same).

5

impose the burden of defending oneself in back-to-back trials, may not be." *United States v. Irizarry-Colon*, 848 F.3d 61, 70–71 (1st Cir. 2017) (internal citations omitted).

The Government asserts that before the Defendant plead guilty in Vermont to the drug trafficking charges, it attempted to reach a global resolution of these charges and the Vermont charges. In the thirty two months between the alleged conduct that gave rise to the Maine charges and the December 2016 indictment by the Maine grand jury, the Government asserts that it continued to investigate the case, including seeking cooperation of recalcitrant and difficult-to-locate witnesses and that it prioritized other matters involving defendants that were not already in custody. The Defendant has not addressed the bad-faith prong of the test. Given the legitimate reasons the Government asserts for the delay, the Defendant has not established that the Government acted in bad faith.

Because the record presented does not suggest that the delay between March 29, 2014 and December 14, 2016, caused substantial prejudice to the Defendant's right to a fair trial, and because there is no suggestion that the Government was acting in bad faith to gain a tactical advantage, I find no Fifth Amendment violation.

### III. Sixth Amendment Speedy Trial Right

The Defendant also asserts that his Sixth Amendment rights to a speedy trial have been violated because of the delay between his December 20, 2016 "arrest" and today. The Sixth Amendment right to speedy trial does not attach until indictment, arrest, or some other official charge is filed. *United States v. MacDonald*, 456 U.S. 1, 6-7 (1982). The Supreme Court has established a four-part balancing test to

6

determine whether a defendant's Sixth Amendment speedy trial right has been violated, which requires consideration of: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant caused by the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The first factor, the length of the delay, is "to some extent a triggering mechanism." *Id.* There is no need to inquire into the other factors of the balancing test unless there is some delay that is "presumptively prejudicial." *Id.* While there is no bright-line rule, courts generally have found that delays approaching one year are presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992); *United States v. Souza,* 749 F.3d 74, 81 (1st Cir. 2014).

Even using the Defendant's date of "arrest" of December 20, 2016, the Defendant is unable to trigger the presumption of prejudice. The case was on the April 2017 trial list until the Defendant filed a motion to continue. Unopposed Motion to Continue Trial (ECF No. 42). The case was then placed on the May trial list. Thereafter, the Defendant filed the instant motion to dismiss. Although no trial has yet occurred, less than six months have passed since the grand jury returned an indictment. The Defendant has, therefore, not alleged a delay sufficient to trigger the remainder of the *Barker* inquiry. *Cf. United States v. Perez-Perez,* 337 F.3d 990 (8th Cir. 2003) (pre-trial delay of five months not presumptively prejudicial); *United States v. Titlbach*, 339 F.3d 692 (8th Cir. 2003) (pre-trial delay of eight months not presumptively prejudicial).

Even assuming the Defendant could cross that triggering threshold, the balance of the remaining factors does not support dismissal of the indictment. The First Circuit has described the second factor, the reasons for the delay, as "the focal inquiry." *Muñoz-Franco*, 487 F.3d at 60 (internal quotation marks and citations omitted). Here, the post-indictment delay was based on a combination of factors, including the Defendant's transfer between two districts, and several continuances of both the detention hearing and the pretrial motions deadline, the latter having been sought by the Defendant. Given the relatively short delay thus far, and the Defendant's role in part of that delay, this factor does not weigh in favor of dismissal. *See United States v. Muñoz-Amado*, 182 F.3d 57, 62 (1st Cir. 1999) (noting that despite two months it took to transfer defendant from Florida to Puerto Rico, which "seems to be quite a long time," defendant's pretrial motions played a role in causing nineteen-month delay between indictment and trial). The Defendant also did not assert his right to a speedy trial until the present motion, despite having first appeared in this District a month before the motion, and despite having appeared, with counsel, in federal court in New York in early January.

Finally, the Defendant's claims of prejudice do not weigh in favor of dismissal. The Defendant was released on conditions pending trial on March 20, 2017. Although the Defendant was returned to pre-trial detention on May 15, 2017, following his arrest on a warrant on a motion to revoke bail, at the time the instant motion was filed, the Defendant had only spent three months in pretrial detention. The Defendant has not established a constitutional level of prejudice, particularly where

8

that detention overlapped with a federal sentence that was not yet complete. While I do not brush off lightly the Defendant's distress over the charges, the anxiety and concern he is experiencing is not out of the ordinary. *United States v. Henson*, 945 F.2d 430, 438 (1st Cir. 1991) ("considerable anxiety normally attends the initiation and pendency of criminal charges; hence only 'undue pressures' are considered" prejudicial). Finally, the Defendant has not shown that post-indictment delay, which can be the only basis for his speedy trial claim, caused him to lose track of witnesses or materially impaired his defense. *See Muñoz-Franco*, 487 F.3d at 60. I find no Sixth Amendment speedy trial violation.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 2nd day of June, 2017.